UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON H.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No.: 24-cv-0991-DEB<br><br>**ORDER GRANTING PLAINTIFF'S** *IN FORMA PAUPERIS* **APPLICATION**<br><br>**[DKT. NO. 3]** |

Before the Court is Plaintiff Landon H.'s application to proceed with his complaint *in forma pauperis* ("IFP").[1] Dkt. No. 3.

**I. Motion to Proceed IFP**

A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all assets, showing he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). The affidavit must "state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). An affidavit is sufficient if it shows the affiant cannot pay the

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1

fee "and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted).

Plaintiff is challenging the denial of his application for disability insurance benefits and Supplemental Security Income. Dkt. No. 1. Plaintiff is unemployed and has no income or assets. Dkt. No. 3. He lives with his mother who pays for all household expenses, including food. *Id.* at 5.[2]

Based on the foregoing, the Court finds Plaintiff has shown he lacks the financial resources to pay the filing fee. The Court, therefore, **GRANTS** Plaintiff's request to proceed IFP.

## II. Screening the Complaint

The Court next turns to screening Plaintiff's complaint. *See Michael Edward M. v. Kijakazi*, No. 23-cv-1138-RBM-AHG, 2023 WL 5955302, at *2 (S.D. Cal. Aug. 30, 2023) ("Social Security appeals are not exempt from this [28 U.S.C. § 1915] screening requirement.") (citations omitted).

Rule 2 of the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") require a complaint to include the following information:

> (A) state that the action is brought under § 405(g);
> (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
> (C) state the name and the county of residence of the person for whom benefits are claimed;
> (D) name the person on whose wage record benefits are claimed; and
> (E) state the type of benefits claimed.

Fed. R. Civ. P. Supp SS Rule 2(b)(1)(A)–(E). Rule 2(b)(2) further states a complaint "may include a short and plain statement of the grounds for relief."

---

[2] Plaintiff previously relied on food stamps but no longer receives them. Dkt. No. 3 at 5.

Plaintiff's complaint satisfies Rule 2(b)'s pleading requirements. Dkt. No. 1. It states this case is on appeal under 42 U.S.C. § 405(g); identifies the Commissioner's final decision as the Administrative Law Judge's ("ALJ") unfavorable decision; provides his name and states he resides in San Diego County; states he is claiming benefits on his own wage record; and states he is claiming disability insurance benefits and Supplemental Security Income. *Id.* at 1–3. Plaintiff further alleges the ALJ's "finding that there was medical improvement is not supported by substantial evidence" and the ALJ "failed to properly weigh the opinion of Dr. Liederman." *Id.* at 3. Finally, there is no indication Plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP (Dkt. No. 3).

In accordance with Rule 3 of the Supplemental Rules, and this District's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. No further action by Plaintiff is needed to effect service of the complaint, as the Clerk's Office already transmitted the notice of electronic filing of the complaint to Defendant. *See* Dkt. No. 5 ("The Notice of Electronic Filing of the complaint sent by the court to the Commissioner suffices for service of the complaint. The Plaintiff need not serve a summons and complaint under Civil Rule 4.").

IT IS SO ORDERED.

Dated: June 17, 2024

_____
Honorable Daniel E. Butcher
United States Magistrate Judge